UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DARRIAN DANIELS, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) 25-3120 |
| GREENE, *et al.* | ) ) ) ) |
| Defendants. | ) |

## **MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Western Illinois Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id.

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. Turley v. Rednour, 729 F.3d

645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that inmates attacked him during his incarceration at Menard Correctional Center, resulting in hearing and vision loss. Plaintiff alleges that Menard officials had housed him without a cellmate for approximately one year prior to his transfer to Western Illinois Correctional Center ("Western"). Plaintiff alleges that Western officials housed him with a cellmate despite the fact that he had informed Defendant Jane Doe mental health staff of his issues at Menard. Plaintiff alleges that he suffers "mental health trauma" when housed with a cellmate. Plaintiff alleges that Defendant Greene failed to respond to his emergency grievances.

Plaintiff alleges that Western officials housed him in segregation when he refused housing instead of accepting a cellmate. Plaintiff alleges that he told mental health staff that he experienced "fright and depression" when housed with a cellmate, but that they did not help. Plaintiff alleges that he spent 42 days in segregation only to return when officials attempted to assign him

another cellmate. Plaintiff alleges that he has occasionally been denied meals, forced to live in condemned cells, and denied medical treatment while housed in segregation. Plaintiff attributes some of the officials' actions to a lawsuit he previously filed.

After Plaintiff filed his complaint, he filed a Motion to Substitute Jane Doe Defendants (Doc. 10) and a Motion to Supplement the Record (Doc. 12). The former motion provides names of officials Plaintiff would like to substitute for the Doe defendants without specifying the Doe defendant for whom the respective individuals should be substituted. The latter motion alleges events that occurred after he filed the complaint in this case.

Plaintiff may be able to state Eighth Amendment claims for failure to protect from harm and deliberate indifference to a serious medical need, a First Amendment retaliation claim, and a Fourteenth Amendment Due Process claim. The Court, however, does not accept piecemeal amendments, and, to the extent that he seeks to add claims and defendants, he must do so in a single complaint. For this reason, Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he

desires the Court to consider. Plaintiff's Motions (Docs. 10, 12) are denied.

## Plaintiff's Motions (Docs. 4, 9)

Plaintiff filed a Motion (Doc. 4) asking the Court to docket in this case a motion for injunctive relief that was inadvertently filed in one of his other pending cases. He later filed a Supplemental Motion for Injunctive Relief (Doc. 9). To the extent that Plaintiff's motion (Doc. 4) is not moot with the filing of his second motion, the motion is denied without prejudice. Plaintiff may refile in this case any motion he desires the Court to consider.

Regarding Plaintiff's Supplemental Motion for Injunctive Relief (Doc. 9), Plaintiff has not yet stated a claim upon which relief can be granted, and, for that reason, the Court finds that Plaintiff has failed to show a reasonable likelihood of success on the merits as required for the Court to grant the relief he seeks. Foodcomm Int'l v. Barry, 328 F.3d 300, 303 (7th Cir. 2003). The Prisoner Litigation Reform Act also limits the Court's authority to grant specific injunctive relief Plaintiff may seek. Rasho v. Jeffreys, 22 F.4th 703, 712-13 (7th Cir. 2022) (injunction that defined how prison officials should address a particular problem violated the PLRA's least-

intrusive-means requirement). Plaintiff's Supplemental Motion (Doc. 9) is denied.

## Plaintiff's Motion for Status (Doc. 11)

Plaintiff's Motion for Status is denied as moot with entry of this Order. This Order addresses all pending issues.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Plaintiff's Motions [4][9][10][11][12] are DENIED.**

3) **Clerk is directed to send Plaintiff a blank complaint form.**

ENTERED: 10/15/2025

FOR THE COURT:

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
